S:\Files\6407_MSC INGRID\PLEADINGS\FOR FILING\6407_COGSA_Complaint_ScheduleA_DRAFT.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KAUFMAN CLAIMS CANADA a/s/o Reliance Foods International Inc., and RELIANCE FOODS INTERNATIONAL, INC.,<br><br>                Plaintiffs,<br><br>        – v. –<br><br>M/V MSC INGRID<br>her engines, tackle, etc., <u>in rem</u>,<br><br>                -and-<br><br>M/V MSC MADHU B<br>her engines, tackle, etc., <u>in rem</u>,<br><br>                -and-<br><br>MEDITERRANEAN SHIPPING COMPANY (USA) INC., <u>in personam</u>,<br><br>                Defendants. | 21 Civ.   (          )<br><br>**COMPLAINT** |

        Plaintiffs, Kaufman Claims Canada ("Kaufman") and Reliance Foods International Inc. ("Reliance"), by and through their attorneys, Kennedy Lillis Schmidt & English, allege the following upon information and belief:

        FIRST:   All and singular of the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        SECOND:   At all relevant times, Plaintiffs had the legal status and principal offices and places of business stated in Schedule A, annexed hereto and by this reference made part hereof.

        THIRD:   At all relevant times, Mediterranean Shipping Company (USA) Inc. ("MSC") has had the legal status and office and place of business stated in Schedule A, has been

engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the captioned vessel.

FOURTH:  At all relevant times, the captioned vessels have been general ships employed in the common carriage of merchandise by water for hire and is or will be, during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

FIFTH:  On or about the date and at the port of shipment stated in Schedule A, the shipper recited therein delivered to MSC and the captioned vessels, as common carriers, the shipment described in Schedule A, then being in good order and condition, and MSC and the captioned vessels then and there accepted said shipment so shipped and delivered to them and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry said shipment to the port of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them to the consignees recited in Schedule A.

SIXTH:  Thereafter, while in transit, the captioned vessels damaged the shipment described in Schedule A in violation of MSC's and the captioned vessels' obligations and duties as common carriers of merchandise by water for hire.

SEVENTH:  Kaufman is the subrogated underwriter of Reliance, the shipper, consignee, or owner of the shipment described in Schedule A, and together Plaintiffs bring this action on their own behalves and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

EIGHTH:  By reason of the premises, Plaintiffs sustained damages in the amount of $94,902.74, as nearly as can now be estimated, no part of which has been paid although duly demanded.

WHEREFORE, Plaintiffs pray:

1. That process in due form of law issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District be attached in the sum of $94,902.74, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment be entered in favor of Plaintiffs against Defendants for the amount of Plaintiffs' damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against the captioned vessels, their engines, tackles, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of Plaintiffs for their damages, with interest, costs and disbursements, and that the captioned vessel may be condemned and sold to pay therefor; and;

5. That this Court grant Plaintiffs such other and further relief as may be just and proper.

Dated:  New York, New York  
      September 10, 2021

KENNEDY LILLIS SCHMIDT & ENGLISH  
*Attorneys for Plaintiffs*

By: *s/ Nathan T. Williams*  
Nathan T. Williams  
75 Maiden Lane – Suite 402  
New York, New York  10038-4816  
Telephone:  212-430-0800

## SCHEDULE A

PLAINTIFFS' LEGAL STATUS

Plaintiff Kaufman Claims Canada was and is a Canadian corporation with an office for the transaction of business at Bay Adelaide Centre, West Tower, 333 Bay Street, Suite 850, Toronto, ON, M5H 2R2, Canada.

Plaintiff Reliance Foods International Inc. was and is a Canadian corporation with an office for the transaction of business at 549 Grand Boulevard, Ile Perrot, QC, J7V 4X4, Canada.

DEFENDANTS' LEGAL STATUS

Defendant, Mediterranean Shipping Company USA Inc., was and is an Illinois corporation with an office for the transaction of business at 420 5th Avenue, New York, New York 10018, United States.

Defendant, M/V MSC INGRID was a carrying vessel of cargo set forth in, and pursuant to, a contract of carriage described below; at all relevant times, said vessel was and is owned and operated by Ingrid Naviera Co. S.A., care of MSC Ship Management (Hong Kong) Ltd, 43rd Floor, The Centre, 99 Queen's Road Central, Hong Kong, China.

Defendant, M/V MSC MADHU B was a carrying vessel of cargo set forth in, and pursuant to, a contract of carriage described below; at all relevant times, said vessel was and is owned and operated by Sea 29 Leasing Co Ltd., care of Seaspan Ship Management Ltd., Suite 2600, 200 Granville Street, Vancouver, BC, V6C 1S4, Canada.

PARTICULARS OF CLAIM

Carrying Vessel:     M/V MSC INGRID – Voyage No. NC033R
                     (Thessaloniki, Greece, to Sines, Portugal)

                     M/V MSC MADHU B – Voyage No. 034A
                     (Sines, Portugal, to New York, New York)

Port of Loading:  Thessaloniki (Salonica), Greece

4

Port of Transshipment:  Sines, Portugal

Port of Discharge:  New York, New York, United States

Place of Delivery:  Kansas City, Missouri, United States

MSC Bill of Lading No.:  MEDUAP643870

Container No.:  SEGU9665325

Shipper: Frumenta S.A.
Vasilissis Olgas 76
54643 Thessaloniki Greece

Consignee: Reliance Foods International Inc.
1320 State Route 9
Champlain, New York 12919, United States

Notify Party: 721 Logistics
399 Market Street, Suite 220
Philadelphia, Pennsylvania 19106, United States

Reliance Foods International, Inc.

Cargo:  1900 Cartons Sweet Cherries

Nature of Loss:  Temperature Abuse

Amount of Loss:  $94,902.74

Kennedy Lillis Schmidt & English Reference:  6407

5